## H. M. LARGE v. CENTRAL MOTOR COMPANY.

Western Section.    February 9, 1929.

Petition for Certiorari denied by Supreme Court, May 27, 1929.

J. R. Nichols, of Knoxville, for plaintiff in error.
J. H. Hodges, of Knoxville, for defendant in error.

HEISKELL, J.  H. M. Large bought from the Central Motor Company, an auto truck and executed notes therefor, title being retained by the vendor.  The purchaser defaulted in the payment of part of his notes, the truck was repossessed by the company which claims to have sold it according to the statute providing for conditional sales. The amount realized at the sale was credited on the notes and this suit was brought to recover the balance.

The suit was begun before a Justice of the Peace who rendered a judgment against the defendant.  On appeal to the circuit court the

case was tried without a jury and a judgment rendered for plaintiff for $83.34 balance due on the notes, including interest and attorney's fees, and for the costs. From this judgment the defendant H. M. Large has appealed and assigned errors.

The sole question tendered by the assignments is that there is no evidence to sustain the finding of the trial court that the sale was in compliance with the conditional sales law. There is no objection taken to the form of the notice of sale which J. H. Hodges says he made out. This witness testifies that he posted one of these notices at the front door of the courthouse. It is admitted that the courthouse is a public place and a proper place for one of the notices, but it is objected that the proof does not show that the courthouse was in Knox county.

Hodges says one notice was posted "at the bill boards in front of Squire Ailor's office on West Church avenue." The objection made here is that the proof does not show that this was in Knox county or if so, that it was a public place. The other of the three notices was posted at the place of business of plaintiff where the truck was to be sold. As the notice shows this place to be on Central avenue in Knoxville, Tennessee, it is conceded that this would show it to be in Knox county, but it is said the proof fails to show that this place of business was a public place. In other words, the contention of defendant is that the proof fails to show that the courthouse and Squire Ailor's office were in Knox county and that the billboard in front of Squire Ailor's office and the place of business of the Central Motor Company were public places within the meaning of the conditional sales statute.

The motion for a new trial sets out two grounds:

"1. There was no evidence to support the judgment of the court. 2. The evidence preponderates against the judgment." In overruling the motion for a new trial the trial judge said: "The court finds that the plaintiff complied with the law touching advertisement and sale."

Counsel for defendant cross-examined J. H. Hodges but did not ask him any questions in regard to the places where he posted the notices of sale. The plaintiff was bound however to show affirmatively that the conditional sales law had strictly been complied with in regard to advertisement and sale of repossessed property. The case of Campbell v. Trent Furniture Co., decided by this court at Knoxville, February 11, 1928, in its facts upon this point, is very similar to the present case. The witness who testified to posting the notices, said: "I posted one near Mrs. Campbell's home, and mailed one to him and posted one at the Courthouse and one at a Justice of the Peace Office." In that case, the court, through Judge Senter, said: "With the burden of proof on the defendant to show that he advertised the sale according to the provisions

of the conditional sales law (section 3666, Shannon's Annotated Code), and with the rule announced to the effect that strict compliance is required of the seller, we must measure the evidence above quoted to see if it is sufficient to prove compliance with the provisions of the Act. It will be noted that this evidence does not show that the office of the Justice of the Peace referred to was in Knox county; it does not show that the place where the advertisement was posted near complainant's home was a public place, or that it was in the same district in which said property was to be sold, nor does it appear that the advertisement was posted at the courthouse door in the county in which the property was to be sold. It would have been a simple matter for defendant to have shown that the Justice of the Peace Office referred to was in Knox county in the district in which the property was to be sold. It would have been a simple matter for defendant to have shown that the place where the notice was posted near complainant's house was a public place, and that one of the notices was posted at the Courthouse door of Knox county. However, the defendant failed to prove these locations in the way and manner as provided by the Act, and the court was left to surmise or to speculate or to make it a matter of inference that these notices were posted as provided by the Act.''

This is conclusive and it follows that the assignments of error must be sustained and the judgment of the Court below be reversed and the suit dismissed.' Defendant in error will pay the costs of the appeal.